**Muhammad YAQOOB, Petitioner,**

v.

**Alberto GONZALES, Attorney General of the United States, Respondent.**

No. 05–5952–ag.

United States Court of Appeals, Second Circuit.

Oct. 18, 2006.

Mark T. Kenmore, Buffalo, NY, for Petitioner.

Helen Campbell Altmeyer, Assistant United States Attorney, (Rita R. Valdrini, Acting United States Attorney, on the brief), United States Attorney's Office for the North District of West Virginia, Wheeling, WV, for Respondent.

PRESENT: WILFED FEINBERG, JOSÉ A. CABRANES, ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Muhammad Yaqoob, a native and citizen of Pakistan, seeks review of an order of the Board of Immigration Appeals ("BIA") affirming a decision by Immigration Judge ("IJ") Philip J. Montante, Jr. denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Muhammad Yaqoob*, No. A 79 108 035 (B.I.A. Oct. 12, 2005), *aff'g* No. A 79 108 035 (Immig. Ct. Buffalo Apr. 23, 2004). We assume the parties' familiarity with the facts and the procedural history of this case.

Petitioner claims on appeal that the IJ erred in (1) finding him ineligible for asylum and withholding of removal despite his testimony that a member of his political party "had been arrested and beaten by members of the opposing party," Pet. Br. 13; and (2) finding that he had not demon-

strated "changed circumstances" justifying an exception to the one-year filing deadline for his asylum application. *See* 8 U.S.C. § 1158(a)(2)(D).

Where, as here, the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ An applicant for asylum must establish before the agency "by clear and convincing evidence that the application has been filed his application within 1 year after the date of the alien's arrival in the United States," 8 U.S.C. § 1158(a)(2)(B), or that "changed circumstances" or "extraordinary circumstances" warrant the acceptance of his untimely application, 8 U.S.C. § 1158(a)(2)(D). Title 8, Section 1158(a)(3) provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely or that changed or extraordinary circumstances did not exist. We retain jurisdiction, however, to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 153–54 (2d Cir.2006).

We lack jurisdiction to review petitioner's challenge to the agency's rejection of his asylum application. The IJ found (and the BIA agreed) that petitioner did not demonstrate by clear and convincing evidence that his asylum application was filed within one year of his arrival in the United States, or that changed or extraordinary circumstances warranted the untimely filing of his application. Petitioner does not

raise any constitutional claims or questions of law related to this finding. *See Xiao Ji Chen*, 434 F.3d at 153–54. Accordingly, we must dismiss the petition for lack of jurisdiction insofar as it challenges the denial of petitioner's asylum application. *Cf. Joaquin–Porras v. Gonzales*, 435 F.3d 172, 178–80 (2d Cir.2006).

We retain jurisdiction over petitioner's withholding of removal claim. Withholding of removal under 8 U.S.C. § 1231 is mandatory if an alien proves that "it is more likely than not that" his "life or freedom would be threatened" if he returned to his country of origin. *Ivanishvili v. United States Dep't of Justice*, 433 F.3d 332, 339 (2d Cir.2006) (quoting 8 C.F.R. § 208.16(b)(2)). Upon a review of the record, we conclude that substantial evidence supports the agency's conclusion that petitioner was ineligible for withholding of removal.

■ First, in light of petitioner's testimony that he suffered no harm while living in Pakistan, substantial evidence supports the agency's determination that he failed to establish past persecution. *See* 8 C.F.R. § 208.16(b)(1)(i) (stating that showing of past persecution gives rise to a rebuttable presumption that petitioner is eligible for withholding of removal).

■ Second, substantial evidence also supports the agency's determination that petitioner failed to demonstrate it is more likely than not that his life or freedom will be threatened if he returns to Pakistan. *See* 8 C.F.R. § 208.16(b)(2); *Ivanishvili v. United States*, 433 F.3d at 339 (stating that an applicant is entitled to withholding of removal if he shows that, upon removal, "it is more likely than not that the [applicant] would be persecuted on the basis of a statutory ground") (internal quotation marks omitted). Although petitioner testified that he fears he would be persecuted

44

in Pakistan for being a member of a political party that is no longer in power, he provided no evidence that would compel a fact-finder to conclude that his fear was objectively reasonable. Petitioner did not present evidence that members of his political party are commonly persecuted, nor did he allege that the government has a particular interest in persecuting him. Rather, he stated in his testimony that (1) he was informed by his family in January 2003 that a friend in Pakistan—who is a member of petitioner's political party—had been kidnapped and tortured; and (2) petitioner's brother, who resides in Pakistan, closed his radio store in response to threats from the governing party. Although these allegations—if credited by the factfinder—suggest it is possible that petitioner's life or freedom would be threatened upon his return to Pakistan, the record as a whole does not "strongly suggest, much less compel" the conclusion that any such persecution is likely to occur. *Liang Chen v. U.S. Att'y Gen.*, 454 F.3d 103, 106 (2d Cir.2006). The IJ's conclusion that "there is no corroboration [in the record] of any of [petitioner's] allegations by any family members," or of his political party membership, is also supported by the record.

Because petitioner does not meaningfully raise his CAT claim in his brief to this Court—making only a passing reference to the fact that he seeks such relief—the claim is deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542, 546 n. 7 (2d Cir.2005). Even assuming *arguendo* that it has not been waived, we find petitioner's CAT claim to be without merit.

## CONCLUSION

For the foregoing reasons, the petition for review is **DISMISSED** insofar as it challenges the denial of petitioner's asylum application and **DENIED** insofar as it challenges the denial of his claims seeking withholding of removal and CAT relief.